Citation Nr: 1532801 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-13 949 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and his grandson


ATTORNEY FOR THE BOARD

B. Rideout, Associate Counsel


INTRODUCTION

The Veteran had active duty service from October 1951 to September 1955 and December 1985 to September 1986. He also had active duty for training from April 1988 to July 1988. This matter comes before the Board of Veterans' Appeals (Board) on appeal from January 2009 and February 2010 rating decisions from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg Florida and the RO in Cleveland, Ohio, respectively. The Board previously reopened and remanded the Veteran's tinnitus claim in a February 2015 decision.

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge in November 2014. A transcript of that hearing has been associated with the claims file.
 
The Board also notes that, in addition to the paper claims file, there are files in Virtual VA and the Veterans Benefits Management System (VBMS). A review of the documents in such file reveals that they are either duplicative of the evidence in the paper claims file or are irrelevant to the issue on appeal. 
 
This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board finds that a remand is necessary in this case to obtain substantial compliance with the Board's February 2015 remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998). Specifically, in its February 2015 remand, the Board requested that the AOJ obtain a VA examination for the Veteran's tinnitus claim which would address the following evidence of record: (1) the Veteran's lay statements that he was involved in an in-service firing exercise, involving loud noise and a concussion that knocked him to the deck of his ship, with hearing loss and ear ringing after the incident; (2) the April 2008 private audiologist opinion; and (3) the VA examinations dated July 2005, January 2009, and January 2010. The Board further requested that the VA examination provide an etiology opinion as to the Veteran's tinnitus, to include whether the Veteran's tinnitus was related to his service-connected hearing loss. While the Veteran was afforded a VA examination in April 2015, that examiner failed to address the evidence of record as requested by the Board and failed to opine as to whether the Veteran's tinnitus was related to his service-connected hearing loss. Additionally, the Board notes that the April 2015 examiner also based her opinion on an inaccurate factual premise, in that she failed to recognize that the Veteran's hearing loss had been granted service-connection in 2005, and instead provided a negative service-connection opinion for the Veteran's hearing loss. A new VA examination which complies with the Board's February 2015 remand directives and which relies upon accurate facts in evidence is required in this case.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the appropriate VA Medical Center and obtain and associate with the claims file all outstanding records of treatment. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his or her representative. 

2. Contact the Veteran and afford him the opportunity to identify by name, address and dates of treatment or examination any relevant medical records. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file, to include all updated VA medical records. All information obtained must be made part of the paper or electronic file. All attempts to secure this evidence must be documented in the claims file. If, after making reasonable efforts, the records cannot be obtained, notify the Veteran and his representative and (a) identify the specific records that cannot be obtained; (b) briefly explain the efforts made to obtain those records; and (c) describe any further action to be taken with respect to the claim. The Veteran must then be given an opportunity to respond.

3. After the above development has been completed and all records associated with the claims file, the Veteran must be afforded a VA examination to determine the nature and etiology of any tinnitus disorder that may be present. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions. An explanation for all opinions expressed must be provided. 

The Veteran was previously granted service-connected for bilateral hearing loss in 2005; thus, no opinions regarding this disorder need be provided. 

The examiner must opine regarding the following: 1) is it at least as likely as not that tinnitus is causally or etiologically related to the Veteran's military service; 2) is it at least as likely as not that tinnitus is causally or etiologically related to the service-connected hearing loss; and 3) is it at least as likely as not that tinnitus is aggravated by the service-connected hearing loss. 

The examiner must also address the following evidence of record in his or her opinion:

(1) the Veteran's lay statements, to include statements from his November 2014 Board hearing, that he was involved in a firing exercise while in-service that produced loud noise and which caused a concussion that knocked the Veteran to the deck of the ship, and subsequently caused him to experience hearing loss and ear ringing; 

 (2) the April 2008 private audiologist opinion; and 
 
(3) the VA examinations dated July 2005, January 2009, and January 2010. 

4. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

5. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case, and an appropriate period of time should be allowed for response.
 
The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).